**IT IS SO ORDERED.**

Dated: May 18, 2011
    04:00:59 PM

Kay Woods
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | * | |
| JEFFREY VINCENT GOODMAN and DEBORAH LYNN GOODMAN, | * | CASE NUMBER 10-40290 |
| Debtors. | * | |
| JEFFREY VINCENT GOODMAN and DEBORAH LYNN GOODMAN, | * | ADVERSARY NUMBER 10-04098 |
| Plaintiffs, | * | |
| v. | * | |
| US DEPARTMENT OF EDUCATION, *et al.*, | * | HONORABLE KAY WOODS |
| Defendants. | * | |

**ORDER HOLDING STUDENT LOAN DEBTS ARE NOT DISCHARGED**

This cause is before the Court on Complaint to Determine Dischargeability of Debts filed by Debtors/Plaintiffs Jeffrey Vincent Goodman and Deborah Lynn Goodman on May 3, 2010. On June 1,

2010, Defendant Educational Credit Management Corporation ("ECMC") filed Answer of Defendant Intervenor Educational Credit Management Corporation (Doc. # 9). On June 8, 2010, United States of America, on behalf of its agency, the U.S. Department of Education ("the DOE"), filed Answer of the United States of America on behalf of the U.S. Department of Education.

At the April 11, 2011 trial, (i) Roger R. Bauer, Esq. appeared on behalf of the Debtors; (ii) Frederick S. Coombs III, Esq. appeared on behalf of ECMC; and (iii) Steven J. Paffilas, Esq. appeared on behalf of the DOE. The Court heard arguments of counsel and testimony from Jeffrey Vincent Goodman and Deborah Lynn Goodman.

For the reasons set forth in this Court's Memorandum Opinion Regarding Complaint to Determine Dischargeability of Student Loan Debts entered on this date, the Court finds:

(1) The Debtors cannot maintain, based on current income and expenses, a minimal standard of living for themselves and their dependents if forced to repay the Student Loans;

(2) The Debtors did not establish, by a preponderance of the evidence, additional circumstances indicating that they will be unable to maintain a minimal standard of living for a significant portion of the repayment period if forced to repay the Student Loans; and

(3) The Debtors did not establish, by a preponderance of

2

the evidence, that the Debtors made good faith efforts to repay the Student Loans.

As a consequence, the Court hereby finds and holds that the Debtors' Student Loans are not dischargeable pursuant to 11 U.S.C. § 523(a)(8); provided, however, this determination is specifically conditioned on the offers of ECMC and the DOE regarding enrollment/participation in the specified repayment programs (including the DOE's offer to discharge any unpaid balance of Mr. Goodman's debt at the end of the repayment period) remaining open and available for the Debtors to accept.

**IT IS SO ORDERED.**

# # #